MARK D. SULLIVAN
Mark D. Sullivan, P.C.
4020 West Lake Creek Drive
Wilson, Wyoming 83014
Phone:        (307) 733-2021
Facsimile:    (307) 733-2007
E-Mail: Mark@mdslawoffice.com
ATTORNEY FOR PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

| | |
|---|---|
| PAUL DYKEMAN AND PAULINE TOWERS-DYKEMAN, SUZANNE MOORE, DAVE LEINONEN CUSTOM HOMES, INC., KING SHADOWS, INC. MOUNTAIN LIGHT INVESTMENTS, LLC, STEPHEN STEC, CHAD HUDSON, MKGS INVESTMENTS, LLC and SNAKE RIVER ASSOCIATES, A LIMITED PARTNERSHIP<br><br>  Plaintiffs,<br><br> -against-<br><br>DAVID P. OCHOA, SMS CONSTRUCTION, LLC an Idaho Corporation, d/b/a SMS CUSTOM HOMES and SMS CUSTOM BUILDERS, McCALL OF THE WILD, INC., an Idaho Corporation, d/b/a SMS Custom HOMES and SMS CUSTOM BUILDERS, SAWTOOTH CUSTOM HOMES, INC. and JOHN DOES 1 THROUGH 5 and JANE DOES 1 TROUGH 5<br><br>  Defendants. | 08 CV 122-B |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

1

**PRELIMINARY STATEMENT**

Plaintiffs submit this memorandum in support of their motion, pursuant to Fed. R. Civ. P. 65 for an order restraining Defendants from conducting an auction currently scheduled for June 26, 2008, or in any way otherwise transferring, dissipating, disposing, assigning to third parties, or encumbering the remaining assets of the Defendants McCall of the Wild, Inc. and SMS Construction LLC.  While Plaintiffs' breach of contract claims are virtually uncontested, and their fraud and racketeering claims fully supported, if the scheduled auction proceeds, or if the remaining assets are otherwise disposed, Plaintiffs will have little or no ability to recover their damages from McCall of the Wild, Inc. or SMS Construction LLC.  Therefore, a temporary restraining order and preliminary injunction are warranted.

**STATEMENT OF FACTS**

The underlying facts of this case, and supporting this motion, are set forth in detail in the Complaint and in the declaration of Kurt Gries, executed on June 25, 2008 (the "Gries Dec.") and submitted in support of this motion.

This is an action for breach of contract, fraud and racketeering arising out of the actions of the Defendants over a period of more than a year.  The Defendants McCall of the Wild, Inc and SMS Construction LLC, d/b/a SMS Custom Homes and/or SMS Custom Builders, essentially all the same entity and the alter egos of the controlling defendant David Ochoa, are together a single custom pre-fabricated home builder based in Pocatello, Idaho.   For the purposes of this memorandum, these corporate defendants shall be referred to by their common name, "SMS".

SMS entered into construction contracts with each of the Plaintiffs, only to abandon the Plaintiffs with partially completed and badly defective homes.  After being fraudulently invoiced by SMS, one Plaintiff had paid in full for its home, while others had paid more than 95% of the cost of their homes.  From November, 2007 to February, 2008, SMS removed its crews from each of the Plaintiffs' construction sites and refused to perform any more work on their projects or provide any more materials.  None of the homes were close to finished when SMS withdrew its crews.  The Plaintiffs were left to retain new contractors, hire laborers, and buy materials to finish their projects, for which they had already paid SMS.  Gries Dec. ¶ 3.

Hoping to avoid liability for SMS's obligations, the Defendant David Ochoa, owner of SMS, then brought in new investment and simply re-opened his pre-fabricated modular construction business under a new name, the Defendant Sawtooth Custom Homes, Inc.. Sawtooth Custom Homes, Inc. hung its sign in front of the SMS factory in Pocatello, started answering the telephones in SMS's Eagle, Idaho offices, and even used, verbatim, the promotional material from the SMS website.   Gries Dec. ¶ 17.

Now, SMS intends liquidate its remaining assets through an auction to be conducted by Prime Time Auctions of Pocatello, Idaho at SMS's factory located on Hunziker Road in Pocatello.  The auction is currently scheduled for tomorrow morning, June 26, 2008, at 10 a.m.  The auction has been advertised on Prime Time Auctions' website, and would appear to be a complete liquidation of SMS's remaining equipment, vehicles, and inventory of building supplies.  If the auction is not enjoined, the Plaintiffs may have no ability to recover from SMS any monetary judgment they may obtain by this action.

## ARGUMENT

To obtain a temporary restraining order the moving party must demonstrate: (1) substantial likelihood that the movant will eventually prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest.  Eastern Shoshone Tribe v. Northern Arapaho Tribe, 926 F. Supp 1024, 1032 (D. Wyo. 1996).  Here, as set forth below, Plaintiffs meet this test and an injunction should be issued by the Court enjoining the auction, currently scheduled for June 26, 2008, from proceeding.

### POINT I

### PLAINTIFFS HAVE A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS OF THEIR CLAIMS

Plaintiffs' easily meet the first test for the issuance of a temporary restraining order and preliminary injunction: Plaintiffs have a substantial likelihood of success on the merits of their claims.  In particular, Plaintiffs are virtually certain to prevail on their breach of contract claims, as Defendants have essentially admitted in their Answer to the Complaint.

It is all but undisputed that the Defendants McCall of the Wild, Inc. and SMS Construction, LLC entered into written and oral contracts with the Plaintiffs.  Defendants' Answer states as follows:

> Defendants admit that Plaintiffs may have entered into contractual agreements with Defendant McCall of the Wild, inc., an Idaho corporation, and/or Defendant SMS Construction, LLC, an Idaho limited liability company, for the construction

4

>of certain modular residential and/or commercial structures, which contracts speak for themselves…

<u>See</u> Defendants' Answer to Complaint, page 3.  Defendants then breached those contracts by leaving the Plaintiffs with partially-completed and defective homes.  Indeed, the Defendants have all but admitted this too in their answer to the Complaint.  The Answer states as follows:

> In answer to Paragraphs 58, 74 and 279 of the said Complaint, Defendants McCall of the Wild, Inc. and/or SMS Construction, LLC, did not have the resources to complete some portions of the contractual agreements they may have entered into with Plaintiffs, but Defendants deny the remainder of the allegations contained in said Paragraphs.

<u>See</u> Defendants' Answer to Complaint, page 5.

Pursuant to their written contracts, six out of seven of the Plaintiffs either paid SMS in full, or nearly paid SMS in full, for completed homes, and received only partially-completed shells, with numerous defective or entirely missing items.  The seventh Plaintiff, Chad Hudson, paid a "line hold" deposit for a home that SMS never even started, and that deposit was not returned to him despite repeated requests.  In total, the Plaintiffs have incurred more than $1.4 million in damages to finish their projects and remedy the defective construction, and will, it is a virtual certainty, prevail on their breach of contract claims, as Defendants essentially admit.

While Plaintiffs' likelihood of success on their breach of contract claims is alone sufficient to support the issuance of a temporary restraining order and preliminary injunction, Plaintiffs' other claims, including fraud and racketeering claims, are meritorious and Plaintiffs have a high likelihood of success on those claims as well.  Plaintiffs and others have been systematically defrauded by the Defendants.  As alleged in the Complaint, and in the Declaration

of Kurt Gries in support of this motion, nearly all of the Plaintiffs were fraudulently invoiced for work that was never performed and materials that were never even purchased, let alone provided to the Plaintiffs. Those invoices were in many cases transmitted by mail or facsimile, establishing Plaintiff's mail and wire fraud claims, essential elements of Plaintiffs' racketeering claims. Furthermore, as just one but perhaps the most egregious example of Defendants' fraud, Plaintiff Chad Hudson was induced to pay a "line hold" deposit for his construction project in January, 2008, a time when the Defendants had already advised other clients that they could not complete their projects. Mr. Hudson was asked by SMS to make that payment by wire, again establishing the wire fraud component of Plaintiffs' racketeering claims. These are but two examples of fraud and racketeering that Plaintiffs will prove at trial, and Plaintiffs have a high likelihood of success on the merits of those claims as well.

## POINT II

### PLAINTIFFS WILL SUFFER IRREPARABLE HARM IF THE AUCTION GOES FORWARD

Plaintiffs also meet the second part of the test for issuance of a temporary restraining order. Plaintiffs will be irreparably harmed if such an order is not issued because their ability to collect on a money judgment in this case will be frustrated if the assets of McCall of the Wild, Inc. and SMS Construction, LLC are auctioned.

Defendants' answer states that many of the assets of the Defendant McCall of the Wild, Inc. have already been liquidated by transfer to Defendant and successor Sawtooth Custom

Homes.  The Defendants' Answer states: "Defendants admit that certain assets and liabilities of Defendants McCall of the Wild, Inc., were sold during the liquidation process and have been transferred and assumed by Sawtooth Custom Homes, Inc…"  Answer to Complaint at 4.  The auction scheduled for June 26, 2008 has been advertised as, and would appear to be, a complete liquidation of the remaining assets of Defendant McCall of the Wild, Inc.  A comprehensive list of assets, from partially-constructed buildings to paint and carpeting, appears on the auctioneer's website.  See www.primetimeauctions.com.  Unless the Defendants are restrained and enjoined from liquidating the remaining assets of Defendant McCall of the Wild, Inc., Plaintiffs will have little or no ability to recover any of their monetary loses from McCall of the Wild, Inc.

While it is true that an injury is generally not considered irreparable if compensatory relief may be available in the form of a monitary judgment, the 10th Circuit Court of Appeals has held that difficulty in collecting a damages judgment may support a claim of irreparable injury. Tri-State Generation and Transmission Association, inc. v. Shoshone River Power, Inc., 805 F.2d 351 (10th Cir. 1986) (irreparable harm established by demonstration that absent preliminary injunction, plaintiff would be unable to collect money judgment); see also United States ex rel. Taxpayers Against Fraud v. Singer Co., 889 F.2d 1327 (4th Cir. 1989) (preliminary injunction preventing dissipation of assets permitted where plaintiffs allege that defendant is insolvent and where its assets are in danger of dissipation and depletion); Airlines Reporting Corp. v. Barry, 825 F.2d 1220, 1227 (8th Cir. 1987) (holding in civil RICO, fraud, and conversion case that, "the authority of a trial court to issue a preliminary injunction to ensure the preservation of an

adequate remedy is well established"). As the 10th Circuit and other circuits have made clear, a plaintiff is entitled to a preliminary injunction to protect its remedy.

Defendants acknowledge in their Answer that McCall of the Wild, Inc. and SMS Construction LLC are insolvent and in the process of liquidating their assets. See Answer to Complaint at page 3 (stating "Defendants admit that Defendant McCall of the Wild, Inc. and Defendant SMS Construction LLC are insolvent and in the process of liquidating their assets to distribute to creditors.") Unless the June 26, 2008 auction and disposition of McCall of the Wild, Inc.'s remaining assets is enjoined, any judgment the Plaintiffs may (and likely will) obtain against McCall of the Wild, Inc., would be unenforceable. Thus, Plaintiffs would suffer irreparable harm in the absence of an injunction.

## POINT III

### THE THREATENED HARM TO THE PLAINTIFFS OUTWEIGHS ANY INJURY TO THE DEFENDANT FROM AN INJUNCTION

The potential harm to the Plaintiffs, should the auction proceed and the remaining assets be liquidated, greatly outweighs any potential injury to the Defendant from an injunction. Plaintiffs have incurred at least $1.4 million in damages as a direct result of the Defendants' breaches of contract, fraud and racketeering activities. Should the auction proceed, and the remaining assets be liquidated, Plaintiffs face the prospect of being unable to collect any potential monetary judgment against the corporate defendants McCall of the Wild, Inc. and SMS Construction LLC.

That would in fact appear to be the intention of the Controlling Defendant David Ochoa. As the Defendants' Answer admits, Defendant Ochoa incorporated Sawtooth Custom Homes in March, 2008 and transferred certain assets of McCall of the Wild to Sawtooth Custom Homes. Answer to Complaint at 4.  Defendants further admit, as they must, that Sawtooth Custom Homes now operates out of the same factory space in Pocatello, Idaho that McCall of the Wild, Inc. and SMS Construction, LLC formerly occupied and that Sawtooth Custom Homes occupied the same offices in Eagle, Idaho that McCall of the Wild, Inc. and SMS Construction LLC formerly occupied.  It is clear from these uncontested facts that Defendants hope to escape liability for their actions that harmed the Plaintiffs by creating a sham new entity and hiding behind the protections afforded by the corporate form.  Transferring all of the remaining assets out of McCall of the Wild, Inc. and SMS Construction LLC may render any monetary judgment Plaintiffs might obtain against McCall of the Wild, Inc. or SMS Construction LLC uncollectible, greatly harming the Plaintiffs.

In contrast, the Defendants will suffer relatively little harm if the auction is enjoined. The assets include of a variety of older vehicles, trailers, and construction equipment that are unlikely to substantially depreciate in value during the pendency of this action.   See www.primetimeauctions.com.  The assets further include building materials such as lumber and plumbing supplies such as copper fittings and pipes.  Such items, it is not difficult to imagine, may well hold their value, or even increase in value given the current state of inflation and commodities prices.

## POINT IV

**AN INJUNCTION WOULD NOT BE ADVERSE TO THE PUBLIC INTEREST**

Finally there is no conceivable way in which an injunction preventing the SMS auction would harm the public interest.  On the contrary, as a first step toward holding the Defendants accountable for their actions, the issuance of an injunction preventing the liquidation of the Defendants' assets would serve the public's considerable interest in the fair administration of justice.

**CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court issue a temporary restraining order and preliminary injunction restraining Defendants from conducting the auction currently scheduled for June 26, 2008, or in any way otherwise transferring, dissipating, disposing, assigning to third parties, or encumbering the remaining assets of the Defendants McCall of the Wild, Inc. and SMS Construction LLC

Respectfully Submitted,

MARK D. SULLIVAN, P.C.


By: _____/s/_____
         Mark D. Sullivan

4020 West Lake Creek Drive
Wilson, Wyoming 83014
P. 307 733-2021
F. 307 733-2007

Attorney for Plaintiffs